**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NAJEE M. LUNDY, | HONORABLE KAREN M. WILLIAMS |
| *Plaintiff,* | Civil Action |
| v. | No. 25-2151 (KMW-SAK) |
| PATROL OFFICER RODRIGUEZ, BURLINGTON TOWNSHIP POLICE DEPARTMENT, | **MEMORANDUM OPINION AND ORDER** |
| *Defendants.* | |

**THIS MATTER** comes before the Court by way of Defendants Patrol Officer Rodriguez ("Officer Rodriguez") and the Burlington Township Police Department's ("BTPD," collectively with Rodriguez, "Defendants") unopposed Motion to Dismiss (Dkt. No. 6) *pro se* Plaintiff Najee M. Lundy's ("Plaintiff") Complaint (Dkt. No. 1) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**WHEREAS**, Plaintiff's Complaint[1] alleges that while driving his motor vehicle in Burlington Township, Officer Rodriguez of the BTPD "stopped his private mode of conveyance without reasonable, articulable suspicion or probable cause." (Compl., Dkt. No. 1 at 4); and

**WHEREAS**, Plaintiff further alleges that, without justification, Officer Rodriguez shattered his driver's side window, broke his driver's side door, and caused significant property damage (*id.*); and

---

[1] For purposes of this motion, the Court accepts the factual allegations in Plaintiff's Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

**WHEREAS**, Plaintiff alleges that Officer Rodriguez and unidentified "assisting officers" used excessive force to remove him from his vehicle and that the BTPD failed to train and supervise its officers (*id.*); and

**WHEREAS**, Plaintiff claims that Officer Rodriguez and other officers violated 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (*Id.*) Plaintiff also asserts claims for failure to train and/or supervise and intentional and negligent infliction of emotional distress (*id.*); and

**WHEREAS**, a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557); and

**WHEREAS**, to establish a claim under 42 U.S.C. § 1983 a plaintiff must first show the defendant's conduct deprived them of their "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pettit v. New Jersey*, No. 09-3735, 2011 WL 1325614,

at *4 (D.N.J. Mar. 30, 2011). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. The Coalition Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001); and

**WHEREAS**, "[i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); and

**WHEREAS**, a municipality may be liable under § 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dept of Soc. Serv of N.Y.C.*, 463 U.S. 658, 694 (1978)). A complaint against a municipality cannot simply assert an entitlement to relief, it must identify a custom or policy and link that custom or policy to the facts contained in the complaint. *McTernan v. City of York*, 564 F. 3d 636, 658 (3d. Cir. 2009); and

**WHEREAS**, to state a claim against the Township under *Monell*, Plaintiff must allege that it had a "policy or custom" which served as the "proximate cause of the injuries suffered." *G.S. v. Penn-Trafford Sch. Dist.*, 813 Fed. App'x 799, 803 (3d Cir. 2020) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). An official policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990); and

**WHEREAS**, Plaintiffs' Complaint fails to assert any fact that suggests an unconstitutional municipal policy, practice, or custom of Burlington Township. (*See generally* Compl.) Plaintiff's Complaint does not allege any policy of the Township regarding traffic stops or the use of force that caused a violation of his constitutional rights. Plaintiff's Complaint likewise fails to assert that

a Township custom existed regarding traffic stops and the use of force that caused a violation of his constitutional rights (*id.*); and

**WHEREAS**, the Supreme Court has held that the failure to train "serve[s] as [a] basis for § 1983 liability only where [it] . . . amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff sufficiently pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)); and

**WHEREAS**, here, the Court finds that Plaintiff's Complaint does not sufficiently plead the elements of deliberate indifference; and

**THE COURT NOTING** that Plaintiff's Complaint asserts a § 1983 cause of action against the BTPD—not Burlington Township—for alleged failure to train and supervise Officer Rodriguez (Compl., Dkt. No. 1 at 4); *see Padilla*, 110 F. App'x at 278;

**CONSEQUENTLY**, Plaintiff's *Monell* claim is dismissed for failure to state a claim. Plaintiff will be afforded an opportunity to amend his Complaint to correct the deficiencies identified herein; and

**WHEREAS**, Plaintiff alleges a violation of his due process rights under the Fifth Amendment (Compl., Dkt. No. 1 at 3); and

**WHEREAS**, the Fifth Amendment applies only to violations of constitutional rights by the United States or federal actors, and not to state actors. *See, e.g., Bergdoll v. City of York*, 515

4

F. App'x 165, 170 (3d Cir. 2013) ("Bergdoll's Fifth Amendment claim fails because the Due Process Clause of the Fifth Amendment only applies to federal officials, and [defendant] is a state official."); *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("[T]he due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials."); and

**WHEREAS**, all of the Defendants identified in Plaintiff's Complaint are state actors;

**CONSEQUENTLY**, the Court finds that Plaintiff's Complaint fails to state a claim for violation of the Fifth Amendment with respect to Defendants. Accordingly, the Court dismisses Plaintiff's Fifth Amendment claims against Defendants with prejudice; and

**WHEREAS**, excessive force claims arising in the context of an arrest or investigatory stop are properly characterized as invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Graham v. Connor*, 490 U.S. 386, 394 (1989). "[B]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* at 395;

**CONSEQUENTLY**, the Court finds that Plaintiff's Fourteenth Amendment claims must be dismissed with prejudice. Plaintiff will be granted leave to amend his Complaint to assert a cause of action for violation of the Fourth, rather than Fourteenth, Amendment based on the alleged use of excessive force. For all the foregoing reasons, and for good cause shown;

IT IS this 20th day of **January, 2026**, hereby:

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 6) is **GRANTED**; and further

**ORDERED** that Plaintiff's Fifth and Fourteenth Amendment claims are **DISMISSED with prejudice**; and further

**ORDERED** that Plaintiff's § 1983 claim against the BTPD is **DISMISSED with prejudice**; and further

**ORDERED** that Plaintiff's *Monell* claim is **DISMISSED without prejudice**; and

**ORDERED** that Plaintiff is granted leave to amend his Complaint to correct the deficiencies identified herein by no later than February 20, 2026. Plaintiff is cautioned that if he fails to timely file an Amended Complaint, the Court may deem Plaintiff to have abandoned his claims and dismiss this action with prejudice.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE